

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-CV-10956-GAO

BARBARA CURLEY and ROBERT CURLEY,
Administrators of the Estate of JEFFREY J. CURLEY,
Plaintiffs

v.

NORTH AMERICAN MAN BOY LOVE ASSOCIATION,
JOHN DOES, INC., ROY RADOW, JOSEPH POWER, DAVID THORSTAD,
DAVID MILLER, PETER HERMAN, MAX HUNTER, and ARNOLD SCHOEN,
Defendants

### MEMORANDUM and ORDER
February 22, 2002

O'TOOLE, D.J.

The defendants have moved for reconsideration of certain aspects of the Court's Order entered September 27, 2001, ruling on the defendants' motion to dismiss. In the first place, the defendants correctly noted that the Court omitted to address the defendants' argument that the plaintiffs' claim under 42 U.S.C. § 1985(3) must be dismissed. For the reasons stated below, the defendants' motion to dismiss is GRANTED as to the plaintiffs' § 1985(3) claim.

In addition, after reconsideration, the Court concludes that the defendant Joseph Power was not bound by an agreement for the acceptance of service and that he has not yet properly been served with process.

In all other respects, the motion for reconsideration is DENIED.



A.     The Claim under 42 U.S.C. § 1985(3)

A claim brought under 42 U.S.C. § 1985(3)[1] requires a plaintiff to "allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). The Court of Appeals has understood Griffin to place "a gloss on these four elements, effectively adding a fifth requirement, [by construing] the statute's references to 'equal protection' and 'equal privileges and immunities under the laws' to signify that a plaintiff may recover thereunder only when the conspiratorial conduct of which he complains is propelled by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Aulson, 83 F.3d at 3 (quoting Griffin, 403 U.S. at 102); see also Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993). This fifth element requires plaintiffs to "allege facts showing that (1) the defendants conspired against them because of their membership in a class, and (2) the criteria defining the class are invidious."[2] Aulson, 83 F.3d at 4.

---

[1] 42 U.S.C. § 1985(3) reads in part as follows: "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

[2] In Aulson, the court did not reach the question whether the proposed class would properly fall within the ambit of § 1985(3) because the court concluded that the proposed class was "defined solely

2

The plaintiffs allege that the defendants conspired against boys – that is, persons who are both males and minors – to deprive them of their rights to be free from illegal sexual contact and to enjoy the equal protection of laws prohibiting sexual assault. The plaintiffs argue that males may constitute a cognizable class for equal protection purposes and that minors are frequently protected as a class by the law, so that males who are minors must also constitute a class subject to protection under § 1985(3).

The Supreme Court has not formally decided whether § 1985(3) may be applied to classes not defined by race, but the Court has clearly said that the statute is not "intended to apply to all tortious, conspiratorial interferences with the rights of others." Griffin, 403 U.S. at 101. "The nature of the 'invidiously discriminatory animus' Griffin had in mind is suggested both by the language used in that phrase ('invidious . . . [t]ending to excite odium, ill will, or envy; likely to give offense; esp., unjustly and irritatingly discriminating,' Webster's Second International Dictionary 1306 (1954)) and by the company in which the phrase is found ('there must be *some racial, or perhaps otherwise class-based*, invidiously discriminatory animus,' Griffin, 403 U.S., at 102 (emphasis added))." Bray, 506 U.S. at 274.

Distinctions based upon a person's status as a minor are not necessarily invidious. Indeed, legal distinctions between the rights and privileges of minors, on the one hand, and adults, on the other, are traditionally and consistently recognized. The juvenile court system, child-labor laws, and age limitations on the right to marry, to vote, and to drive a car are examples of the non-invidious class-based treatment of minors.

---

on the basis of harm inflicted" and was not cognizable as a class for that reason. Aulson, 83 F.3d at 5.

3

The claim that the defendants are motivated by "invidiously discriminatory animus" against minor males is belied by the substance of the allegations the plaintiffs make against the defendants. The plaintiffs allege, with support from NAMBLA publications and pronouncements, that the defendants seek to promote the opportunities for men to have sexual relations with boys under the age of consent, despite the existence of laws that prohibit such conduct. Rather than alleging that the defendants seek to discriminate against boys invidiously, the plaintiffs in effect allege that the defendants inappropriately seek to ignore legitimate bases for discriminating between adults and minors. Perhaps it is fair to say the defendants are accused of invidious non-discrimination. At any rate, the claims against them cannot be forced into the template of a cause of action under § 1985(3). The plaintiffs' claim under § 1985(3) must be dismissed.

B.  Service of Process

The Court ruled in the September 27, 2001 Order that defendant Power had agreed that counsel could accept service on his behalf. He has correctly pointed out that he did not join in the agreement made by other defendants. In the absence of an agreement for the acceptance of service on his behalf, the plaintiffs were required to serve him in accordance with Fed. R. Civ. P. 4(e).

Rule 4(e) provides that service "may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State...."

Defendant Power was not properly served under the Massachusetts Rules of Civil Procedure, and the plaintiffs do not allege that he was properly served under the California Rules of Civil Procedure. Massachusetts Rule of Civil Procedure 4(e) applies to service outside the Commonwealth, and allows service "in any appropriate manner prescribed in subdivision (d) of this Rule." Mass. R. Civ. P. 4(e)(1). Rule 4(d)(1) allows service by leaving copies of the summons and complaint at an individual's "last and usual place of abode." Mass. R. Civ. P. 4(d)(1).

4

The plaintiffs delivered copies of the summons and complaint to 111 N. Rengstorff Avenue # 1, Mountain View, California, on September 15, 2000, and mailed the same to that address without a return receipt requested on September 18, 2000.[3] The plaintiffs obtained that address from one of Power's credit card bills dated July 2000. Pls.' Resp. to Defs.' Mot. for Recons. Ex. A. In an affidavit, Power stated that he has never received a copy of the summons and complaint, that he does not reside at 111 N. Rengstorff Ave, # 1, and that the Rengstorff address has not been his usual mailing address since July 2000. Power Aff. ¶ 2. The plaintiffs have offered no further evidence to show that the Rengstorff address was Power's usual place of abode in September 2000. The party on whose behalf service was required bears the burden of showing sufficient service. Mass. R. Civ. P. 4(j). The plaintiffs have not met this burden.

However, dismissal of the complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. The Court will permit another attempt at valid service upon Power. Power's motion to dismiss for insufficient service of process will be granted unless valid service is accomplished not later than 60 days after the date of this Order.

C. Other Issues

As to the other issues raised, the defendants' motion for reconsideration is denied.

It is SO ORDERED.

_February 22, 2002_
DATE

_[signature]_
DISTRICT JUDGE

---

[3] Rule 4(e)(3), which allows service "by any form of mail addressed to the person to be served," does not apply because it requires "a signed receipt," which the plaintiffs did not obtain. Mass. R. Civ. P. 4(e)(3).